## MALCOLM E. BOSTWICK V. E. I. BUCKLIN.

No. A-620. Decided November 28, 1945.
Rehearing overruled December 29, 1945.
(190 S. W., 2d Series, 818.)

*Smallwood & Gibson* and *Ronald Smallwood,* of Harlingen, for petitioner.

*West & Hightower,* of Brownsville, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Petitioner complains of the refusal of the Court of Civil Appeals to reverse the judgment of the trial court because of the failure of the trial judge to file findings of fact within the time required by the rules.

The case was tried before the court without a jury, and judgment was rendered for the defendant on conflicting evidence. The judgment was rendered on November 9, 1944, but was not entered in the minutes until November 22, 1944. No motion for new trial was filed. Notice of appeal was given on November 14, and request for findings of fact filed the same day. A second request for findings was filed and called to the attention of the trial judge on December 4, and the third request was filed and called to the attention of the trial judge on December 14. The judge did not file his findings until December 21, 1944.

Rule 297 reads as follows:

"Rule 297. When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain

ıf the failure, shall, in writing, within five days after such periou, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."

Rule 386 provides in part as follows:

"Rule 386. In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or perfection of writ of error; * * *."

From the above it is apparent that if the time for filing of the transcript in the Court of Civil Appeals began to run from the date of the rendition of the judgment, which was November 9, then the findings of fact filed December 21 were filed too late; but if the time for filing the transcript began to run from the entry of the judgment in the minutes, which was November 22, then the findings were filed in time.

The Court of Civil Appeals held that the time for filing the transcript began to run from the date the judgment was entered in the minutes, 190 S. W. (2d) 814, 817. We granted a writ of error because of the alleged conflict between this holding and the holding of the Court of Civil Appeals in Loper v. Hosier, 148 S. W. (2d) 889.

We hold that the time for filing the transcript in the Court of Civil Appeals begins to run from the rendition of the judgment in the trial court, where no motion for new trial is filed. In the case of Coleman v. Zapp, 105 Texas 491, 151 S. W. 1040, Chief Justice Phillips called attention to the distinction between the rendition of a judgment and its entry in the minutes, and held that the judgment became effective as the judgment of the court when it was rendered or pronounced in open court, and not at a later date when the clerk performed the ministerial act of entering it in the minutes. See also Kittrell v. Fuller (Tex. Civ. App.), 281 S. W. 575 (writ refused); 15 R. C. L. 571; 25 Tex. Jur. 424; 34 C. J. 44. Rule 386 provides that the transcript must be filed "within sixty days from the final judgment." Under the holding in Coleman v. Zapp the court's ruling becomes its judgment when it is rendered; hence the time to file the transcript begins to run from the rendition of the judgment. See also Boren v. Cerf's Trust Estate (Tex. Civ. App.), 145 S. W. (2d) 627; Sloan v. Richey (Tex. Civ. App.), 143 S. W. (2d) 119 (writ dismissed); Samuels Glass Co. v. Martin (Tex. Civ. App.), 131 S. W. (2d) 325; Cleburne National Bank v. Bowers,

130 Texas 637, 112 S. W. (2d) 717; Id., Tex. Civ. App., 113 S. W. (2d) 578.

However, we are of the opinion that the Court of Civil Appeals did not err in refusing to reverse the judgment of the trial court for the failure to file the findings in time. Under the facts above stated the judge had until and including December 19 to file the findings. They were actually filed on December 21, which was only two days late. They were embodied in the transcript, which was delivered to counsel for appellant on January 6, 1945, and filed in the Court of Civil Appeals January 8, 1945. Under the facts stated, appellant suffered no delay or other injury by reason of the delay in filing the findings. Consequently no reversible error is presented. Barry v. Barry (Tex. Civ. App.), 162 S. W. (2d) 440; Watts v. Hartford Accident & Indemnity Co. (Tex. Civ. App.), 140 S. W. (2d) 604; Wagner v. Riske, 142 Tex. 337, 178 S. W. (2d) 117; National Cash Register Co. v. Gould (Tex. Civ. App.), 37 S. W. (2d) 230; San Antonio Joint Stock Land Bank v. Malcher (Tex. Civ. App.), 164 S. W. (2d) 197 (writ refused); Barfield v. Emery, 107 Texas 306, 177 S. W. 952; Rule 434, T. R. C. P.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 28, 1945.

Motion for rehearing overruled December 29, 1945.