CONTINENTAL FIRE & CASUALTY INS. CORPORATION v. SURBER et ux.

No. 15152.

Court of Civil Appeals of Texas. Fort Worth.

June 30, 1950.

Mohrle, Oster & Kaufman, and Stanley M. Kaufman, all of Dallas, for appellant.

Earl L. Coleman, of Denton, for appellees.

SPEER, Justice.

Plaintiffs, George Surber and wife, sued Continental Fire & Casualty Insurance Corporation, in the County Court of Denton County, to recover $541 under a policy of insurance covering, among other things, loss from windstorm and hail on described property.

Defendant replied with a plea in abatement, general denial and a special denial of plaintiffs' allegations as to why an arbitration of the loss was not had. A non jury trial resulted in recovery by plaintiffs for the amount sued for. Defendant has appealed.

There is no statement of facts before us and we know no more about the contract of insurance than is disclosed by the pleadings and the findings of fact and conclusions of law filed by the court. The facts found by the court have support in plaintiffs' petition and we need only discuss the findings in this respect.

■ It is appropriate just here to say that plaintiffs object to our considering the court's findings and conclusions for the reason no request therefor was made within the time prescribed by Rule 297, Texas Rules of Civil Procedure. The record shows such request was made seven days prior to the time for filing the record in the Court of Civil Appeals, yet the court did file his findings and conclusions prior to the date for filing the record and they are in the transcript. The findings by the court recite that they were filed subject to the objections of plaintiffs' attorney, based upon the belated request. It may be doubted that if the court had declined to make such findings under the circumstances the defendant would have had a valid complaint. But the court having filed them prior to the expiration of the sixty day period, we shall consider them under authority of Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818. There are some factual differences between the cited case and the instant one but the principle is very similar.

■ The substance of the first point of error relied upon by defendant is that the court should have allowed it a trial by jury although no request was made therefor nor jury fee paid by it, as provided by Rule 216, T. R. C. P., where plaintiffs made no objection to a pick-up jury and the granting of such request would not have interfered with the orderly handling of the court's docket nor caused a delay in the trial or operated to the detriment of plaintiffs.

This suit was filed September 12, 1949; defendant filed its plea in abatement and answer on October 21, 1949. The court found as a fact that the case had been continued at a previous term at the request of defendant; that at the present term the case was called in its regular order for setting and defendant's counsel was not present and the case was set for February 14, 1950, along with several other cases which were on the docket ahead of this one. Defendant's counsel was called on the telephone and notified of the setting and was told at the same time that the case probably would not be reached on February 14 but that he could come the next day, February 15, and counsel for defendant said the date was satisfactory. That no request had previously been made by defendant for a jury trial and when the other settings for February 14 were disposed of, the court, noting that no demand had been made for a jury in the instant case, discharged the jury panel. That upon call of this case on the morning of February 15, defendant's counsel, for the first time called for a jury and deposited a jury fee but later withdrew the deposit. That no jury was available on February 15, and "to have granted the request for a jury at that late date would have resulted in a continuance of the case." And that "in order to obtain a jury at that late date it would have necessitated a delay or continuance of the case which would have interfered with the court's calendar." That this case had been pending for about five months and no demand had ever been made for a jury previous to the date on which it had been set for trial. That no agreement was made between the attorneys concerning a pickup jury; that plaintiffs' counsel said he had no objections to a jury trial if a jury was available, but that plaintiffs were entitled to a trial without further delay. The court's findings of fact in these particulars are binding upon us, and, as we view them, they definitely refute the very basis of the reasons relied upon by defendant for a jury trial under the circumstances set out in its point of error.

This case is not different in principle from Erback v. Donald, Tex.Civ.App., 170 S.W.2d 289, writ refused, w. m. This court held in the cited case that there was no abuse of the court's discretion in denying movant a jury trial under the circumstances there detailed. We think no abuse of discretion appears in the instant

case. See also Kegans v. Williams, Tex. Civ.App., 214 S.W.2d 799, writ refused, n. r. e.

Defendant's second point complains because the court overruled its plea in abatement in which it claimed no appraisement of the property was had as provided by the policy as a condition precedent to filing suit.

From the pleadings of all parties and the court's findings, it is obvious that the policy provided for an appraisal and some kind of an arbitration. Referable to these things the court found substantially that plaintiffs requested an appraisal under the terms of the policy and named V. R. Clearman as their appraiser and so notified defendant. That defendant named C. M. Whitlock as its appraiser; that the two appraisers agreed upon David Mulkey as umpire. That the three made a thorough inspection of the premises; the appraisers could not agree upon the amount and extent of the damages; that when the umpire would not express his opinion privately to Whitlock in this respect, Whitlock resigned and refused to act and so notified the umpire, the other appraisers, the plaintiffs' attorney, and the defendant. That the defendant failed thereafter to name another appraiser; that plaintiffs were thus deprived of said appraisal and arbitration through no fault of their own. In this respect the court concluded that defendant failed to act in good faith and thereby waived the condition precedent in the policy.

The third and fourth points challenge the measure of damages applied by the court in rendering judgment. It asserts that the proper measure in cases like this is the difference between the value of property immediately before and immediately after the damage was done, and that there is no finding that the amount for which judgment was rendered was fair and reasonable.

The policy constituted the contract between the parties. Plaintiffs alleged that it provided for payment by defendant of the actual cash value of the property at the time of loss, or alternatively the amount it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss. They further alleged that because of the damages done by windstorm and hail the actual and necessary cost of repairing and replacing the damage to the property with material of like kind and quality within a reasonable time was $541.00. In the absence of a statement of facts or a court finding to the contrary we may assume that the contract provided the terms alleged and if proved no other measure of damage would apply.

■ It is not contended by plaintiffs that the insured property was destroyed and that under the policy they were entitled to recover the actual cash value, but the claim is for damages sustained to the property as a result of windstorm and hail, which damages could be repaired with material of like kind and quality. The trial court found as a fact that the insured property had been constructed about three years and contained composition roof and asbestos siding and was in good condition at the time of the damage; that the actual damage to the house from hail and windstorm was $740 and deducting $120 for depreciation "allowed" left $620 but that he entered judgment for only the amount sued for, which amount was less than he found the actual damages to be after deducting for depreciation. The findings do not disclose what measure of damages was used by the court. When the record does not disclose that the court used an incorrect measure it must be presumed that he used a correct one. If the parties contracted as alleged by plaintiffs, the court should use the measure contracted for; we must presume that there was testimony to support the court's findings on matters properly pleaded. We see nothing wrong with the judgment under the points here considered.

■ The fifth and last point challenges the judgment entered for plaintiffs because no provision was made for the protection of a lien holder shown to exist. The lien holder was not a party to the suit, nor does it appear that any one sought to have the

loan company creditor made a party. The amount of the debt is not shown, nor does it appear from the records that its security has been materially affected; nor does it appear that the policy contract contained any provision affecting a lien holder. Absent anything to the contrary, defendant may have known of a lien on the property securing a negligible amount unpaid and with that knowledge insured plaintiffs' equity in the property. Again it does not appear that plaintiffs had contracted with the lien holder to protect its lien by insurance, in the absence of which there would be no obligation upon plaintiffs to do so. Further speculation need not be indulged and we need only to consider the case presented by the record.

We conclude that no error is presented for which the judgment should be reversed and it is our order that it be affirmed.

Affirmed.