**CANTU v. CANTU.**

**No. 12480.**

Court of Civil Appeals of Texas.
San Antonio.

Nov. 26, 1952.

Rehearing Denied Dec. 31, 1952.

-----◆-----

Harrison & Smallwood, San Antonio, for appellant.

Pena, Pena & Pena, San Antonio, for appellee.

Norvell, Justice.

This appeal is presented upon a transcript containing findings of fact and conclusions of law. Two points of error are presented.

By the first point, it is asserted that the evidence adduced upon the hearing of the motion for new trial shows that the attorneys for plaintiff and defendant had agreed to set the case for a later date than May 28, 1952, when it was tried, and that because of such agreement defendant and her lawyer did not appear upon the date the case was set for trial. As to the existence of the agreement to postpone, there was a conflict in the testimony, which was resolved by the trial court in favor of appellee. In addition to this circumstance, it was not shown or contended that the agreement to postpone was approved by the trial judge, who is charged with the duty and requisite authority to control his docket so that the business of the court may be dispatched with order and promptness. Furthermore, a trial judge should not be called upon to decide disputes which arise among attorneys who are practicing before his court. Except where absolutely essential to preserve the rights of one of the parties, an attorney should not require a judge to pass upon the issue of his credibility. This is one of the reasons why Rule 11 is a part of our Texas Rules of Civil Procedure. This rule provides that:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."
Appellant's first point is overruled.

By her second point, appellant asserted that the judgment must be reversed because the trial judge's findings and conclusions were not filed within the time prescribed by Rule 297 of the Texas Rules of Civil Procedure. In Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818, the Supreme Court, in effect, held that Rule 297 must be construed in connection with the "harmless error" clause of Rule 434, which provides that,

"* * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; * * *."

This holding is that to constitute a reversible error it is not only necessary to show that Rule 297 was violated, but also that such violation resulted in probable harm to the complaining party. See, Denbow v. Standard Accident Ins. Co., 143 Tex. 455, 186 S.W.2d 236, which involved Rules 295 and 434.

The record here contains no showing of probable injury to appellant, and her second point is accordingly overruled.

The judgment is affirmed.