Raye RYAN, Appellant,

v.

Joe WINEGARDNER, Appellee.

No. 3626.

Court of Civil Appeals of Texas.

Eastland.

June 9, 1961.

Pat Maloney, San Antonio, for appellant.

George E. Bradfield, San Antonio, for appellee.

WALTER, Justice.

Joe E. Winegardner filed suit against Raye Ryan for damages for breach of a lease contract. Ryan filed a general denial

and a cross action. In a non jury trial, on conflicting evidence, the court granted Winegardner a judgment for $280.00 and denied Ryan a recovery on his cross action. Ryan has appealed, contending the court erred in refusing to prepare and file additional findings of fact and in entering judgment for Winegardner because the evidence conclusively establishes that Winegardner waived his right of recovery.

On December 5, 1959, the parties entered into a written lease, prepared by Ryan. By its terms Winegardner agreed "to lease 300 square feet of building space located at 1932 Austin Highway for one year at a monthly rental of $70.00." Winegardner was required to pay the last four months rent in advance, which was referred to as "grace money". The lease further provided: "This lease is binding *to* both parties and should at any time the Jae Company fail to render said utilities and building space, this contract is null and void and grace monies are refundable. This lease beginning on the (first) 1st. day of February 1960, and continuing through 12:00 o'clock midnight of January 31, 1961." Winegardner testified the building had only 165 square feet and that he asked Ryan to make an adjustment on the rent.

■ In cases tried before the court without a jury, in the absence of a point that the finding is contrary to the overwhelming weight and preponderance of the evidence, the rule is well settled that the judgment must be affirmed if there is any evidence of probative force to support it and that only evidence which tends to support the judgment, or a finding of fact, may be considered. See Wilson v. Teague Ind. School District, Tex.Civ App., 251 S.W.2d 263, (Writ Ref.), and 3-B Tex.Jur. Sec. 935.

■ The court had made findings of fact and conclusions of law and the appellant requested the court to make additional findings. Such request was denied. An example of appellant's requested find-

ings is as follows: "The plaintiff did not pay the sum of $280.00 at the time of the signing of the lease. He paid the $280.00 on December 24th, nineteen days after signing the lease."

The lease is dated December 5, 1959, and was to become effective February 1, 1960. Appellee's check for $280.00 is dated December 24, 1959, and appellee testified he moved into the building between January 20th and February 1st. The exact date "the grace money" was actually paid is not material.

We hold that appellant has not discharged his burden of proving that failure to make such additional findings constituted reversible error. Rules of Civil Procedure, rule 434; Cantu v. Cantu, Tex.Civ.App., 253 S.W.2d 957; Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818.

■ We cannot agree with appellant's contention that waiver and estoppel were established as a matter of law. "A waiver takes place where one dispenses with the performance of something which he has a right to exact, and occurs where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it. 92 C.J.S. p. 1061. Waiver, of course, is a matter or question of intention." Ford v. Culbertson, 158 Tex. 124, 138, 308 S.W. 2d 855, 865. Appellant testified that he gave appellee more than 300 square feet of floor space. Appellee testified that he was furnished 165 square feet, instead of 300 square feet, and that he requested an adjustment of his rent based on this difference in square footage. We hold appellee did not intentionally relinquish his rights under the lease and that he is not estopped to assert his rights under the contract.

Judgment affirmed.