**William VASS, Appellant,**

v.

**Johnny C. FISHER, Appellee.**

No. 14857.

Court of Civil Appeals of Texas.

Houston.

June 23, 1966.

Simmons & Williams, Roy Simmons, Jr., Houston, for appellant.

Clayton L. Phillips, Jr., Houston, for appellee.

COLEMAN, Justice.

This is a suit for damages for breach of a written contract by which appellant granted appellee permission to maintain certain coin-operated machines in a place of business owned by appellant for a specified period. The receipts from the operation of the machines were to be divided between the parties.

After operating under the terms of the agreement for a period of fifteen months, appellant removed the machines from his premises. On trial to the court without a jury, appellee recovered a judgment in the sum of $900.00.

Appellant pled that the instrument in question was executed as additional securi-

ty for the balance due on a note for the purchase price given in connection with his purchase from appellee of the place of business. He alleged that on his payment of the note, the agreement was cancelled, or in the alternative became a license cancellable at his will. He further pled that the instrument could not be enforced for lack of mutuality and that there was no consideration for the agreement.

The trial court was requested to file findings of fact and conclusions of law by appellant. This request was filed after the time specified by the Rules of Civil Procedure, but nevertheless findings were prepared by the trial court and filed with the clerk on the last day permitted by the Rules for the filing of the transcript in this Court. The findings were filed after the transcript had been prepared and were not included therein. Appellant has requested permission to file a supplemental transcript to include the findings of fact and conclusions of law. This request is granted. Continental Fire & Casualty Insurance Corp. v. Surber et ux, Tex.Civ.App.1950, 231 S.W.2d 750; Bostwick v. Bucklin, 1945, 144 Tex. 375, 190 S.W.2d 818.

The findings of fact and conclusions of law fully support the judgment entered by the trial court. Whether the instrument is considered a contract or a licensing agreement is immaterial. The trial court found that the agreement was supported by consideration. In the absence of a statement of facts, this finding of fact must be accepted by this Court. Gilleland v. Meadows, Tex.Civ.App.1961, 351 S.W.2d 656; Gammage v. Weinberg, Tex.Civ.App.1962, 355 S.W.2d 788, 95 A.L.R.2d 1086, ref., n. r. e.

The fact that the instrument fails to recite a consideration is not fatal to this finding of fact. "It is the general rule that a consideration for a contract need not be recited or expressed in the writing, since, if not expressed, consideration may be implied by or inferred from the terms and obvious import of the contract, or it may be proved by parol evidence." 17 Am.Jur. 2d, Contracts, § 90, p. 432.

The judgment of the trial court is affirmed.