**Lloyd COLVIN, Jr., Appellant,**

v.

**Ray W. BASKETT, Appellee.**

**No. 7638.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 19, 1966.

Rehearing Denied Oct. 17, 1966.

Robinson & Fotheringham, Amarillo, for appellant.

Tom Seay, Amarillo, for appellee.

DENTON, Chief Justice.

Ray W. Baskett sued for and obtained a judgment for damages for the failure of Lloyd Colvin, Jr. to pay over to Baskett

the value of a bag of coins owned by Baskett and sold by Colvin as agent of the seller. The case was previously before this court. It has subsequently been retried under the same statement of facts and a fuller statement of the material facts will be found in our opinion, reported in 392 S.W.2d 804. As in the previous trial, the trial court, without a jury, rendered judgment for Baskett for $1050.00 less $100.00 commission earned by Colvin and denied the other relief sought by Colvin in his cross action.

On the prior appeal this court reversed and remanded the cause on the ground that judgment was not supported by appellee's pleadings and the evidence. Upon remand appellee filed an amended original petition and corrected the variances between the pleadings, evidence, and the trial court's judgment. Upon appellant's request the trial court filed findings of fact and conclusions of law. The court found: that during the latter part of July or early August, 1963 Baskett listed for sale with Colvin two bags of 1960 D small date uncirculated pennies to be sold by Colvin on a commission basis; one bag was owned by Baskett and the other by a Jess Crow, for whom Baskett was acting; on the same date Baskett's son-in-law, Pat Roberts, listed one bag of similar coins with Colvin; Colvin sold three bags on his teletype wire service to a New York coin dealer; when he reported the sale to Baskett and Roberts it was discovered that both Baskett and Roberts had listed the Crow pennies; Baskett immediately notified Colvin of the mistake and instructed him to inform the purchaser that only two, rather than three bags were available; Colvin refused to carry out this instruction and Baskett informed Colvin that he would not be responsible for submitting a third bag. It is undisputed the purchaser paid Colvin $1050.00 for one bag of coins, but refused to pay for the second bag until the third was delivered. Roberts was paid the $1050.00 for the bag he delivered less a $50.00 commission. Colvin has failed and refused to pay Baskett for the bag he delivered. It is for the

value of this bag of coins, less the commission admittedly owed, which Baskett here sues.

■ Appellee's amended pleadings seeks a partial rescission of the oral contract to sell the coins and for the value of one bag he delivered to Colvin. While in fact three bags of coins were listed with Colvin—two by Baskett and one by Roberts —they intended to list only a total of two bags. It is uncontroverted that neither Baskett nor Roberts knew the other had listed the bag owned by Crow. Three bags were listed with Colvin and he sold three bags. It was obviously a unilateral mistake on the part of Baskett. There was no mistake on the part of Colvin. It is his position that Baskett seeks to modify the oral contract of sale and that such modification requires a mutuality of mistake. Under this record this contention is without merit. Equitable relief by way of rescission may be granted against a unilateral mistake when the conditions of a remedial mistake are present. James T. Taylor and Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371. These conditions have generally been held to be: (1) The mistake is of so great a consequence that to enforce the contract as made would be unconscionable; (2) The mistake relates to a material feature of the contract; (3) The mistake must have been made regardless of the exercise of ordinary care; (4) The parties can be placed in status quo in the equity sense, i. e., rescission must not result in prejudice to the other party except for the loss of his bargain. In Brown v. Bradley, (Tex.Civ.App.) 259 S.W. 676, a deed was cancelled in behalf of the grantor, when by mistake it contained a description of land he did not own. In granting equitable relief the court pointed out this mistake arose through no lack of the exercise of ordinary care on the part of the grantor. See 59 A.L.R., page 809 and authorities cited.

■ Baskett is seeking to cancel that portion of the oral sales contract which in-

cluded a bag of coins Baskett did not intend to sell. Since there was not a meeting of the minds, there could be no contract as between the parties here for the sale of three bags of coins. Obviously the mistake related to a material feature of the contract; and there are no pleadings or evidence that the mistake arose out of the lack of the exercise of ordinary care on the part of Baskett. When the mistake was discovered shortly after the sale by Colvin, Baskett promptly informed him of the mistake and requested the purchaser be so informed. The parties could have been placed in their same relative positions by either the New York purchaser or Colvin going into the market and purchasing another bag of similar coins. It is uncontradicted the market value of these coins remained unchanged for over a month after the sale. Thus, Colvin's position would not have been jeopardized. We are of the opinion the pleadings and evidence amply support the equitable relief of partial rescission sought by the appellee.

If there was a unilateral contract, which we hold is supported by the pleadings and the evidence, the delivery of another bag of coins by Baskett to Colvin in Denver, Colorado some ten days later does not alter Baskett's equitable position. It, in fact, strengthens it. It is evidence of his good faith in attempting to correct the unilateral mistake and did in fact place Colvin in a position to carry out the original sales contract. Colvin's failure to deliver this additional bag to the New York purchaser could not under this record be charged to Baskett.

 Appellant makes the further contention Baskett's cause of action is barred by the two-year statute of limitations. The argument is the amended petition, filed after the cause had been appealed and remanded, alleged a different cause of action. In determining whether appellee's cause of action is barred by limitations, it is necessary, under Article 5539b, Vernon's Ann. Civ.St., to determine whether or not the claim set out in appellee's amended petition is only based upon and grows out of a new, distinct or different transaction. Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816. Appellee's amended petition alleged various facts surrounding the transaction in considerably more detail, and generally reformed the pleadings to more accurately conform to the evidence. The amended pleadings clearly allege the same transaction between the identical parties and did not allege a different cause of action. The cause of action is therefore not barred by limitations. City of Houston v. Magness (Tex.Civ.App.) 364 S.W.2d 702 (Refused).

We have examined and considered all of appellant's points of error. None of them discloses reversible error. The judgment of the trial court is affirmed.