**JOE R. STARKS CONSTRUCTION CO., Inc.,**
**Appellant,**

**v.**

**G. A. MALLICK, INC., Appellee.**

No. 16881.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 16, 1968.

Rehearing Denied March 15, 1968.

Max E. Clark, Fort Worth, Harris & Ball, and Chester G. Ball, Arlington, for appellant.

Cook & Hobbs, and Paul C. Cook and Robert Hobbs, of Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Plaintiff Joe R. Starks Construction Company, Incorporated, a sub-contractor, brought suit against defendant G. A. Mallick, Incorporated, a general contractor, for an amount allegedly due on both a written contract and an asserted subsequent and supplemental contract.

The defendant denied that any supplemental contract had been made. It filed a cross-action for an amount allegedly due by plaintiff to defendant for "back charges", applicable to the written contract, for corrective work which the defendant claimed it had necessarily paid to other sub-contractors upon plaintiff's breach of contract.

Trial was to the court without intervention of a jury. Judgment was for G. A. Mallick, Incorporated, defendant and cross-plaintiff. Plaintiff perfected an appeal.

By one point of error the appellant seeks reversal because of the late filing of the trial judge's findings of fact and conclusions of law.

It has been held that the provision in Texas Rules of Civil Procedure 296, "Conclusions of Fact and Law", and 297, "Time to File Conclusions", requiring a trial judge to file his findings of fact and conclusions of law within prescribed times upon request therefor, and/or upon having his omission to do so called to his attention, is mandatory; that findings of fact and conclusions of law cannot thereafter be properly placed in the record and cannot be considered in determining the appeal; and that where issues of fact are raised the failure of the trial judge in such respect requires reversal on appeal, except in instances where there is a statement of facts and it is made to appear therefrom that the appellant has not been thereby injured. Valley Box & Crate Factory v. Acker, 31 S.W.2d 1090 (San Antonio Civ.App., 1930, error refused). It also has been held that the former Rule 62a (now substantially embodied in T.R.C.P. 434, "If Judgment Reversed") was without application and that in every case where there is any conflict in the evidence on an issue material to the decision in the case, the failure of the trial judge to file his findings of fact and conclusions of law will be considered as such a denial of the rights of the appellant as probably prevented him from making a proper presentation of his case to the appellate court, unless the appellee discharge the burden of disproving such. Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill, 257 S.W. 526 (Tex.Comm.App., 1924).

However, in the opinion in Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818 (1945) the Supreme Court held that upon the matter of probable error as result of the late filing of findings of fact and conclusions of law the provisions of T.R.C.P. 434, "If Judgment Reversed", did have application. Hence, it is the burden of an appellant to demonstrate probable injury or

that he was thereby prevented from making a proper presentation of his case on appeal. In Bostwick, the findings of fact and conclusions of law were filed two days late, embodied in the transcript delivered to counsel for appellant for filing, with the transcript timely filed in the appellate court. The court held, as a matter of law, that the appellant could not have suffered delay or other injury by reason of the delay in filing the findings and conclusions.

In the instant case the appellant made timely demand upon the trial judge for findings of fact and conclusions of law as provided by T.R.C.P. 296, "Conclusions of Fact and Law", obtaining by endorsement thereon the judge's signature as having been timely presented. The judge not having complied with the demand within thirty days, on the thirty-first day the attorney for appellant—by letter addressed to the judge dated that date—called attention to the fact that the findings of fact and conclusions of law had not yet been made. On the date as the letter, there appears a file mark of the clerk of the court showing that it was filed in the clerk's office that same day. The letter does not have any notation thereon affirmatively demonstrating that the judge received it or that he thereby had his omission to act called to his attention. The record contains no explanation. The letter appears in the transcript in support of and as predicate for appellant's asserted right to complain on appeal of the failure to timely file the findings of fact and conclusions of law. T.R.C.P. 297, "Time to File Conclusions". The letter, as filed, shows that a copy thereof was purportedly mailed to the attorney for appellee. The file mark of the clerk bears the date of May 19, 1967.

Appellant's transcript was filed in the Court of Civil Appeals on June 12, 1967. It contained no findings of fact and conclusions of law. On June 14, 1967, the trial judge made and filed with the clerk of the trial court an instrument denominated "Findings of Fact and Conclusions of Law." On June 15, 1967, the attorneys for the appellant wrote the clerk and requested the preparation of a supplemental transcript which contained said findings of fact and conclusions of law. Thereafter, on July 11, 1967, the appellant filed his brief in this court. On July 28, 1967, the attorney for the appellee filed with the trial court its motion to direct the clerk to prepare, certify, and transmit to the appellate court a supplemental transcript which contained said findings, the letter from appellant's attorney requesting the clerk to prepare the supplemental transcript, copy of the court's order ruling on appellee's motion, and other material. The trial court's order, under provisions of T.R.C.P. 428, "Amendment: Record", directed that the clerk do such. The order was dated July 28, 1967. Such supplemental transcript was filed in this court on August 1, 1967.

In connection with the foregoing it is evident that appellant was aware of the contents of the findings of fact and conclusions of law on June 15, 1967. The date was almost a month prior to the date appellant's brief was filed. The court's findings of fact and conclusions of law, in matters of material substance, set forth in the usual form of such an instrument those same material factual findings and legal conclusions which had theretofore been embodied in a letter sent by the trial judge to the attorneys on November 1, 1966. This letter was included in the original transcript filed in the appellate court. In such letter the judge had directed the preparation of a judgment for appellee in accordance with pronouncements therein set forth on factual and legal findings and conclusions. There was no material distinction between such findings and conclusions and those embodied in the later instrument denominated "Findings of Fact and Conclusions of Law."

■ Under the circumstances, in view of our interpretation of the holding of Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d

818 (1945), supra, we have concluded that although there are issues of fact raised by the evidence in the case, as set forth in the statement of facts, appellant has not shown that the twenty day delay in filing findings of fact and conclusions of law probably caused or resulted in his injury or prevented him from making a proper presentation of his case to the appellate court. T.R.C.P. 434.

The point of error is overruled.

By a grouping of points of error, appellant complains because the trial court overruled its motion for leave to reopen the case for additional evidence and its motion for new trial on the ground of newly discovered evidence pointing to fraud perpetrated by the appellee upon trial of the case.

Judgment was signed and entered on February 10, 1967. Theretofore the appellant brought the matters mentioned in the preceding paragraph to the attention of the court in its motion to reopen, filed November 21, 1966, supported by affidavits of witnesses whose testimony appellant desired to introduce. The same affidavits were embodied in appellant's amended motion for new trial overruled by order entered April 14, 1967. The trial court considered the motion to reopen the case and admit additional testimony until January 23, 1967, when the judge wrote a letter notifying the attorneys for the parties that the motion was denied. In part the letter read as follows:

"The contention of the plaintiff with respect to the defendant's back charges were clearly set forth in the defendant's answer and cross action filed more than a year before trial. Approximately three months before the case came on to be heard the plaintiff filed written interrogatories asking for detailed information about the expenditures plaintiff alleged to have been necessary for completion of the subcontract, to which the defendant filed answers with xerox copies of invoices showing the amounts of his expenditures and to whom the same were made. If further information was needed, no effort was made to obtain the same by means of depositions either of the defendant's officers or employees, or the personnel of the firms to which such payments were made. Upon trial, Mallick testified in detail concerning the back charges and his testimony was practically undisputed. No request was made for additional time to produce the testimony set forth in the affidavits. On account of the complicated questions of law involved, the court took the case under advisement and allowed counsel a rather extended period of time to file briefs. Due to vacations and the press of business, the court took an unusually long time to render a final decision, and it was not until the outcome of the case was known that the plaintiff made any effort to investigate the validity of the back charges.

"Finally, the proffered testimony is not of a decisive nature, but merely tends in a rather general fashion to dispute the allegations made by Mallick in the amounts he claims to have paid for completion of the work under the subcontract. There is no clear showing that the contractors hired to complete the work are in a position to make reliable allegations which would change the outcome of the case."

The record supports everything stated in the aforementioned letter. The testimony of the appellee to which appellant's proffered evidence would have application was placed in the record, on trial, on April 7, 1966. After having held the case under advisement several months the trial judge wrote the letter of November 1, 1966 (referred to in our discussion concerning the point of error predicated upon a late filing of findings of fact and conclusions of law) and stated that judgment for appellee should be prepared for signature. As to amount for which appellee's judgment was directed to be prepared the outlined findings in the letter showed that the court took into consideration those expenditures which had been the subject of appellee's testimony. It was not until the letter of

November 1, 1966, reciting the court's decision and reasons therefor, that appellant acted in "discovery" of the evidence it desired to present upon a reopened case.

Both litigants concede that reversal because of refusal to allow the case to be reopened depends upon whether the trial court should be held to have thereby abused its discretion. Such refusal, and the court's subsequent refusal to grant a new trial on the same ground, will not be reversed where the motion does not show proper diligence to obtain the evidence before trial, where the evidence could be used only for the purpose of impeachment, or where the evidence is not such that it would probably change the result if proved on a reopening of the case or on retrial. 4 Tex. Jur.2d 366, "Appeal and Error—Civil", § 826, "(Denial of New Trial)—Where new trial requested because of newly discovered evidence"; 4 McDonald, Texas Civil Practice, 1461, "New Trial", § 18.16, "(Grounds for New Trial)—H. Newly Discovered Evidence". We do not deem the decision and action taken thereupon by the trial court to have constituted any abuse of discretion. The points of error are overruled.

One point of error complains of the admission into evidence those of appellee's expenditures claimed to be chargeable against appellant under the cross-action, and of the action and decision of the court and judgment based thereon. Analysis of appellant's brief discloses that it is not complaining of the evidence which furnished the background for appellee's expenditures, nor of the necessity therefor, but in respect to the reasonableness thereof in the sense denominated by the phrase "reasonable cost of necessary repairs".

The testimony of which complaint is made was from the witness Mallick, who gave the only evidence in the record supporting the "amount" of the appellee's judgment. Referring thereto, appellant says that such testimony: "was a conclusion of the witness (1) as to the work for which Starks was obligated, (2) as to whether or not Starks had failed to do certain work, and (3) as to which charges contained in invoices covering work other than what the witness concluded was required under the contract were proper charges to form the basis of Appellee's counterclaim. In essence, Appellee's witness stated the whole of Appellee's lawsuit in arbitrary statements of conclusion constituting nothing more than personal opinion."

We are not in accord with appellant's contentions. In our view the state of the record presents a situation to which authorities cited are inapplicable. The court's decision and judgment was based on the testimony as to corrective work was necessarily done and the reasonableness of the charges therefor, which charges he had paid, and not upon what appellant feels was conclusion testimony upon such. Coupled therewith was the court's independent determination that such work was included in the written contract. If there was some of Mallick's testimony which merely indicated his conclusion there was, additionally, factual evidence upon matters which could be properly received and considered by the court—sitting as the finder of fact in the case—upon which it could properly exercise the function of reaching factual findings and conclusions. Thereupon, the court's action in deciding the case was proper when it considered such factual findings and conclusions and applied them to the provisions of the parties' contract. We overrule the point of error.

By two points of error appellant complains that the court erred in finding that the parties' contract (as interpreted by appellee) was possible of performance by appellant as applied to the construction of "house pads", and in refusing to receive parol evidence to resolve the fact that the contract in said respect was impossible to perform.

We overrule the points. From our observation of the testimony there was no

refusal to admit evidence of impossibility of performance. Appellee objected to the tendered evidence on the ground that impossibility of performance had not been pleaded, but its objection was overruled. As applied to appellant's evidence of impossibility of contractual performance the state of the evidence was such as entitled the court—as the fact finder—to reject it. As applied to impossibility of performance within the time provided therefor by contract the same thing would be true, plus the fact that any question thereon would be immaterial in any event as it could only have material application in respect to the appellee's claim for delay penalty. Appellee's claim for relief predicated upon delay was denied by the court.

By several points of error appellant complains because of the court's action and decision relative to its assertion of a subsequent and supplemental oral contract coupled with its claim for compensation in addition to that provided by the written contract. Appellant alleged performance under the oral contract. In the points of error such performance is referred to as work on "house pads", by which is meant preparation of sub-grade and the building up of foundation surfaces where buildings would be erected.

In this connection appellant says the court erred in holding that proffered evidence of the alleged oral contract was barred by the Parol Evidence Rule; that there was insufficient evidence to support the court's finding that it was *not* entitled to recover compensation for its work in building up the house pads; and that the court's finding that it was *not* entitled to compensation therefor was against the overwhelming weight and preponderance of the evidence.

Even if the court erred in ruling that the evidence was barred under the Parol Evidence Rule its decision in such respect was after tendered evidence had been received and was before the court while the case was held under advisement. In effect the court found—in addition to its finding that the evidence was barred under a rule of law—that if in error as applied thereto then it was a finding of fact by the court that no subsequent and supplemental oral contract was made; and further, that if one was in fact made there was no supporting consideration. No complaint is made of these findings and conclusions.

 The points of error are overruled. We are in accord with the trial court that the evidence was improper of consideration under the Parol Evidence Rule, and even if we err in such conclusion the points should nevertheless be overruled because there was waiver of complaint relative to the aforementioned supplementary findings and conclusions of fact alternatively made.

Judgment is affirmed.