**WORLD SERVICE LIFE INSURANCE COMPANY, Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY et al., Appellees.**

**No. 18307.**

Court of Civil Appeals of Texas, Fort Worth.

May 29, 1980.

Rehearing Denied June 26, 1980.

McGown, Godfrey, Decker, McMackin, Shipman & McClane, and Richard L. Bourland, Fort Worth, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, and John L. Lancaster, III, and T. Michael Wilson, Dallas, for Metropolitan Life Ins. Co. and James Ross.

Cantey, Hanger, Gooch, Munn & Collins, and Estil Vance, Jr., and William B. David, Fort Worth, for Suzanne Wyatt.

## OPINION

MASSEY, Chief Justice.

This is an injunction case concerning the violation of the fiduciary duty of an officer and employee with the cooperation and participation in such breach by third parties. Suit was brought by appellant, World Service Life Insurance Company, against Suzanne Wyatt (its former employee), Metropolitan Life Insurance Company, and James Ross (a senior vice president of Metropolitan), charging Ms. Wyatt with the violation of her fiduciary duty with the aid and participation in such breach by Metropolitan and Ross.

A temporary injunction was entered against Suzanne Wyatt on 17 May 1979 and on 17 October 1979 a final injunction was entered against her. On each occasion injunctive relief was denied as to Metropolitan and Ross. Suzanne Wyatt originally filed an appeal from the grant of injunctive relief against her in October of 1979. However, she thereafter requested and obtained dismissal of this appeal on the theory that because injunction would expire before the appellate court could act, her appeal would be rendered moot. We do not comment on the subject of mootness of her appeal but note that Ms. Wyatt is neither an appellee nor appellant in this cause.

Appellant, World Service Life Insurance Company, seeks reversal of the trial court's refusal to enjoin Metropolitan and Ross.

We affirm.

We have no trouble in arriving at the conclusion that there was no reversible error. It was in the exercise of its discretion that the trial court concluded, upon a trial of the case on the merits as applied to permanent injunction, that denial of that relief was proper.

■ Of interest is the World Service complaint of the "improper" substitution, on the trial court's own motion, of the finding of facts World Service desired with finding of facts originally made. The background was as follows: On 24 October 1979 the attorney for World Service filed a Request for Findings of Fact and Conclusions of Law. On 20 November 1979 he filed a Reminder to File Findings with the court. On 27 November 1979 the trial court rendered its findings in compliance with the requests. On 3 December 1979, World Service filed what it labeled as a Notice of Request for Additional and Amended Findings. This was accompanied by its desired proposed additional and amended findings, substituting completely the court's original Findings of Fact and Conclusions of Law filed November 27th. These were signed on 13 December 1979 by the trial judge. For reasons not explained in the record the trial court, on 26 December 1979, entered its "Order Withdrawing Amended Findings of Fact and Conclusions of Law and Reinstating Original Findings and Conclusions." World Service asserts that such Order was without the power of the court and therefore without effect. World Service desires that we deem the findings and conclusions of December 13th to be the proper findings for our purposes on the appeal; that those of December 26th (and of 27 November, 1979) should be disregarded.

We disagree. This situation presented is quite similar to that of *Fonseca v. County of Hidalgo*, 527 S.W.2d 474, 480 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.). In that case, the appellant had requested findings of fact and conclusions of law, and by signed, dated notation, the trial court adopted the proposed findings and conclusions which had been submitted by the appellee. Thereafter, "[f]or some unexplained reason, the trial court then signed additional findings of fact and conclusions of law prepared by and favoring the appellants." These second findings implicitly purported to be the first and only findings. The court later discovered the conflict and entered an order designating the original findings and

conclusions as governing. On the appeal the appellant contended that the court's reinstatement of the original findings was a nullity as made without the time provisions of Tex.R.Civ.P. 297, "Time to File Conclusions". The Corpus Christi Court of Civil Appeals disagreed. It held that as the findings of fact and conclusions of law ultimately determined had been filed in ample time for the appeal to be perfected, no injury to the appellant resulted by the later filing. The court held there was no reversible error. Numerous authorities were cited. See also *Joe R. Starks Construction Co. v. G. A. Mallick, Inc.*, 425 S.W.2d 409 (Tex.Civ. App.—Fort Worth 1968, no writ); and *Bostwick v. Bucklin*, 144 Tex. 375, 190 S.W.2d 818 (1945).

We find that the facts in the record before us affirmatively show that World Service suffered no injury as a result of the trial court's substitution of the amended findings with the original findings on 26 December 1979. The final transcript submitted was filed in this court on January 17, 1980, twenty-two days after the trial judge's order in reinstatement of the original findings of fact. The case was heard on May 8, 1980. In light of the directives of Tex.R.Civ.P. 1 "Objective of Rules", and Tex.R.Civ.P. 434, the Texas "harmless error rule", World Service was not harmed by the trial judge's order settling the record on 26 December 1979.

 To fully discuss other contentions of World Service Life Insurance Company would be to unduly enlarge this opinion. We deem it sufficient, to say that we agree with the counter-points of Metropolitan and Ross that the trial court was by the evidence justified (a) in refusal to find that they had willfully or knowingly induced, assisted or participated in any breach, if any, by Suzanne Wyatt of her duty, if any, owed World Service; (b) in refusing to find that Suzanne Wyatt furnished to them any trade secrets or confidential information of World Service; and in concluding that (c) any relief to World Service other than or in addition to that it had already obtained would be unjustified.

All points of error have been severally considered; all are overruled.

Judgment is affirmed.