Opinion issued January 31, 2008










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00956-CV






KENNITRA M. FOOTE, Appellant


V.


MONICA J. TATE, Appellee






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2004-65296






MEMORANDUM OPINION

 This is a contract interpretation case. Afer a bench trial, the trial court rendered
judgment that appellee Monica J. Tate recover $30,000.00 for breach of contract and
$9,000.00 in attorney's fees from appellant Kennitra M. Foote. In three questions,
appellant contends there is legally insufficient evidence of (1) a valid contract,
(2) consideration, and (3) Tate's fraud claim, on which the trial court denied relief. 
We affirm.

Facts

 Van Richard Watkins, Jr. owned a house, but was unable to make the
payments. In order to prevent him and his family from being evicted from the family
home, Watkins and Tate signed a written contract on March 15, 2004 in which Tate
agreed to purchase the home from Watkins. In exchange for Watkins (1) paying Tate
$12,000.00 plus expenses and (2) paying Tate's mortgage payments on the home,
Watkins would have 90 days, i.e., until June 8, 2004, in which to repurchase the
house from Tate. If the $12,000.00 fee was not paid by June 22, 2004, Tate could sell
the house with no further obligations to Watkins.

 After Watkins failed to pay Tate the $12,000.00 and expenses, Tate began
calling Watkins. Watkins sought help from his attorney, Foote, who called Tate and
set up a meeting. At that meeting, the following document was drafted:

 Kennitra M. Foote agrees to pay Monica Tate the sum of $32,285.58
(Thirty Two Thousand Two Hundred Eighty Five Dollars and 58/100). 
This amount is in satisfaction of the debt concerning the payment for
services and interest that has accrued as of June 17, 2004. This amount
involves payments that are due from Van Richard Watkins, Jr. This
amount includes an amount for $2,285.58 which covers the mortgage
payment for July 2004. This mortgage payment covers the property
located at 3313 Calumet, Houston, Texas 77004.

 

 Kennitra M. Foote agrees to pay Monica Tate or her agents by June 24,
2004.

 

 Signed: /s/ 6-17-04

 Kennitra M. Foote Date

Foote paid the July mortgage payment of $2,285.58, but made no further payments.

Discussion


 In questions one and two, Foote contents there is legally insufficient evidence
to establish a valid contract. Because this was a bench trial without findings of fact
and conclusions of law, all facts necessary to support the judgment and supported by
the evidence are implied. See BMC Software Belg., N.V. v. Marchand, 83 S.W.3d
789, 795 (Tex. 2002). In reviewing the sufficiency of the evidence, we must consider
the evidence in the light most favorable to fact-finder's decision and indulge every
reasonable inference that would support it. City of Keller v. Wilson, 168 S.W.3d 802,
822 (Tex. 2005).

 Foote specifically challenges the existence of a contract on the grounds
that (1) Tate did not sign the writing and (2) Tate gave no consideration. Foote also
argues that we should look only to the four corners of the writing because Tate did
not plead ambiguity. We agree that the writing signed by Foote by its four corners
was not a contract, but was instead an offer. Foote argues, however, that the only
legally permissible way for Tate to accept would be in writing. We disagree.

 Under common law, if an offer does not specify how the acceptance is to be
made, then the offeree may accept by any reasonable means. Cantu v. Cent. Educ.
Agency, 884 S.W.2d 565, 567 (Tex. App.--Austin 1994, no writ) (citing
Restatement (Second) of Contracts §§ 30(2), 63(a), 65 (1981)). Tate accepted
the contract when she accepted Foote's payment of the July mortgage, which is
supported by the evidence.

 Foote next argues that no consideration exists for the contract. First we note
this Court has previously held that consideration need not be recited or expressed in
the contract itself. Vass v. Fisher, 405 S.W.2d 866, 867 (Tex. Civ. App.--Houston
1966, no writ). However, the contract agreement provides consideration as Watkins
previously had until June 8, 2004, in which to repurchase the house from Tate. Under
the agreement with Foote, Tate agreed to forebear her right to sell the house after
June 8, 2004. See Restatement (Second) of Contracts § 71(1), (3)(b) (1981)
(consideration may consist of forbearance). Foote does not argue that consideration
was inadequate or unfair, but instead that no consideration existed. Accordingly, we
hold there is legally sufficient evidence in the record to establish consideration.

 We overrule questions one and two.

 In question three, Foote contends there is legally insufficient evidence to
support Tate's fraud claim. The judgment recites that Tate recovered based on breach
of contract and that all other claims were denied, so this attack on the judgment is
moot.

Conclusion

 We affirm the trial court's judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.