Wilson C. TIPPIT, Jr., Appellant,

v.

Frances Benson TIPPIT, Appellee.

No. 6548.

Court of Civil Appeals of Texas.

Beaumont.

June 28, 1962.

George E. Baldry, Jr., Houston, for appellant.

Bedford D. Edwards, Waco, for appellee.

STEPHENSON, Justice.

This is an action brought by the mother to regain the custody of a twelve year old son. The father was given custody in the original divorce. The case was heard by the judge and custody was placed in the mother, and the father given specific rights of visitation.

Appellant first complains of the failure of the trial judge to file his findings of fact and conclusions of law within the time prescribed by the Rules of Civil Procedure. Rule 297, T.R.C.P., reads as follows:

"When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."

The order overruling the motion for new trial was rendered and entered September 14, 1961, and appellant filed his request for findings of fact and conclusions of law on the same date. A second request for findings and conclusions was filed October 11, 1961. The transcript in this cause was filed in the trial court November 1, 1961, and then filed in the Court of Civil Appeals No-

vember 2, 1961. The trial judge filed his findings of fact and conclusions of law in the trial court November 3, 1961, and these were brought before this court by supplemental transcript, which was filed January 18, 1962. Oral argument was heard by this court May 7, 1962. The findings and conclusions were filed by the trial judge 50 days after the overruling of the motion for new trial and therefore were 15 days late.

■■■ The general rule is that the failure of the trial court to file findings of fact and conclusions of law constitutes reversible error where the complaining party has complied with the statutory requirement in an effort to secure such filing. However, such failure will not call for a reversal if the record before the appellate court affirmatively shows that the complaining party has suffered no injury in the premises. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117. Had the trial judge failed entirely to file findings and conclusions, this court, under Rule 434, T.R.C.P., would have been authorized to direct the trial court to file such findings and conclusions, and then consider the case on appeal. However, in this instance, even though filed late, we have the completed record before us. There is no showing in this record of probable harm to appellant because of the late filing of the findings of fact and conclusions of law, and since no injury exists there is no reversible error. Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818; Cantu v. Cantu, Tex.Civ. App., 253 S.W.2d 957.

■■■ Appellant contends the trial court abused its discretion in awarding the mother custody because a finding of change of conditions was against the great weight and degree of the evidence as to be manifestly wrong. The rules of construction to be followed in this type of case are clearly set forth by the Supreme Court in Taylor v. Meek, 154 Tex. 305, 310, 276 S.W.2d 787. First, the original judgment awarding the father custody at the time it was entered was res adjudicata of the question of the child's best interest and of the custody. In the present hearing to change custody, in determining the question of the child's best interest, there is a difference between the first award and a change of custody. Because a change of custody disrupts the child's living arrangements and the channels of a child's affection, a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child. The question of whether the trial court has abused its discretion is one of law requiring an appraisal of the facts. The trial court must look, in the light of all the circumstances, to the best interest of the child. With the opportunity to observe the appearance and demeanor of the witnesses, to weigh their testimony, and evaluate the virtues of the parties, no one is in a better position to do this than the trial court. This court has carefully studied all of the evidence in this record with these rules in mind.

■■■ The trial court made certain findings of fact, including the finding that the child had been influenced to change his attitude and respect for his mother and that the child's mind had been poisoned against his mother. The trial court found the father had left this child with the mother approximately two years until the latter part of the summer of 1960. The court also found that it would be to the best interest of the child to reside with his mother and older brother, and that the circumstances of the mother had materially changed in that she was now in a better position to adequately care for and support the child. There is evidence in this record to support each of these findings by the trial court. We find no abuse of the discretion of the trial court in changing the custody of the child.

The judgment is affirmed.