STAR CORPORATION, Appellant,

v.

W. L. WOLFE, Appellee.

No. 428.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 20, 1971.

Rehearing Denied Feb. 10, 1971.

Bohn E. Phillips, Houston, for appellant.

Richard G. Rorschach, Houston, for appellee.

SAM D. JOHNSON, Justice.

W. L. Wolfe brought suit against Edward W. Plodzik, Specialty Rental Tools, Incorporated, and Star Corporation. The suit claimed damages in the sum of $36,-000, plus attorneys' fees, for breach of an agreement under which plaintiff was to locate operating funds for the defendant corporations. Judgment in the sum of $5,000 was rendered in favor of Wolfe against the two corporate defendants, Star Corporation and Specialty Rental Tools, Inc., plus attorneys' fees also in the sum of $5,-000. One of the defendants, Star Corporation, duly perfects this appeal.

The essential question presented to this Court is whether or not appellant Star Corporation is entitled to reversal of the judgment because of the belated filing of findings of fact and conclusions of law by the judge of the trial court. No statement of facts has been filed in this appeal.

Trial was to the court without the intervention of a jury. The court's judgment was rendered on April 24, 1970 and motion for new trial was filed on May 4. Amended motion for new trial was filed on May 22 and was thereafter overruled by operation of law on July 6. Transcript was therefore due to be filed in this Court 60 days later, or not later than September 4. Rule 386, Texas Rules of Civil Procedure. Findings of fact and conclusions of law were first requested on July 2. In the absence of response from the trial court a second request for findings was filed on August 6 and brought to the trial judge's attention on August 7. By virtue of Rule 297, T.R.C.P., the final date for filing such findings in response to the second request was August 12. It was not until August 25th, however, that the requested findings were filed by the trial judge. A Bill of Exception to the failure of the trial judge to file the findings and to the belated filing of the findings was filed on the same date, that is, August 25. The findings of fact and conclusions of law filed by the trial judge were included in the original transcript filed in this Court.

■ In the instance where the trial court wholly fails to file requested conclusions of facts and law there is a presumption of injury to the complaining party unless the contrary appears. Richie v. State, 275 S.W.2d 723 (Tex.Civ.App.1955), no writ hist. Even the complete failure, however, will not dictate a reversal if the record before the appellate court affirmatively shows that the complaining party has suffered no injury. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944); Tippit v. Tippit, 360 S.W.2d 177 (Tex.Civ.App. 1962), no writ hist.

The foregoing rules are not necessarily applicable, however, where findings of fact and conclusions of law are made but are

not filed within the times specified. At one time findings which were filed after the time prescribed (then by Art. 2247, Rev.St. 1925) were considered a nullity and could not be considered on appeal. Valley Box & Crate Factory v. Acker, 31 S.W.2d 1090 (Tex.Civ.App.1930), writ ref. This absolute rule of exclusion no longer obtains. Bostwick v. Bucklin, 190 S.W.2d 818 (Tex.Civ.App.1945); Rules 296, 297, T.R.C.P. In Bostwick, the trial judge's findings were filed two days late. Such findings were embodied in the transcript and were filed in the Court of Civil Appeals within the time required. The Court there stated, " * * * Under the facts stated, appellant suffered no delay or other injury by reason of the delay in filing the findings. Consequently no reversible error is presented. * * * " Bostwick v. Bucklin, supra, at p. 819.

In Tippit v. Tippit, supra, there was an original request for findings and thereafter a second request which was made on October 11, 1961. The transcript was filed in the appellate court on November 2 and it was not until the next day, November 3, that the findings of fact and conclusions of law were filed in the trial court. Such findings were then brought forward to the Court of Civil Appeals by supplemental transcript filed January 18, 1962. Under the circumstances of that case the findings of the trial court were filed 15 days late. The Court there stated, " * * * There is no showing in this record of probable harm to appellant because of the late filing of the findings of fact and conclusions of law, and since no injury exists there is no reversible error." Tippit v. Tippit, supra, 360 S.W.2d at p. 179. We therefore examine the instant case for injury or probable harm to the appellant.

■ As we understand appellant's contention it is that it had certain rights under Rule 298, T.R.C.P., which were precluded under the present circumstances because the trial judge did not timely make his original findings. The result, alleges appellant, was the instant injury on probable harm

which is described as follows. Under Rule 298, T.R.C.P., there is a combined maximum total of ten days following the filing of original findings for the filing of additional or amended findings. This is so because under Rule 298 a party has up to five days after original findings are filed to request additional or amended findings and the trial judge then has up to five days to file such findings. But, contends the appellant, "It is clear from the face of Rule 298 that if the Trial Judge does not so file original findings in accordance with Rule 297, Texas Rules of Civil Procedure, Rule 298 has no application."

Upon this premise appellant asserts the need for a remedy exists because plaintiff's pleadings do not support the judgment and the court's judgment was necessarily based upon a theory of recovery which was not pled. This would have been made apparent in additional or amended findings, asserts the appellant, but these and the request for them were precluded because there was not sufficient time (prior to the date for filing transcript) because the trial judge did not timely make his original findings. Compliance by the trial judge with the specified time limits in making both the original and amended findings would have permitted it, contends the appellant, to designate only those particular parts of the evidence for inclusion in the statement of facts which were necessary to portray any remaining inconsistency between the pleadings and the judgment.

We overrule appellant's contentions and points of error. We are of the opinion that appellant's contentions are highly speculative and in the nature of a hypothesis. They are conjectural in that they are based upon what might occur when and if other things happen. Being speculative, conjectural and in the nature of a hypothesis they fall short of demonstrating injury or probable harm.

While appellant *may* have requested additional or amended findings under other circumstances it has chosen not to do so

under those actually prevailing. It is to be noted in this connection that had appellant made request for additional or amended findings under the present circumstances that they might have been brought before this Court within an extended time provided for in Rule 386, T.R.C.P., or by supplemental transcript.

The judgment of the trial court is affirmed.