**CLARK ADVERTISING AGENCY, INC.,**
**Plaintiff,**

v.

**James TICE and American Hot Rod**
**Association, Defendants.**

**Civ. A. No. 2–1102.**

United States District Court,
N. D. Texas,
Amarillo Division.

Sept. 29, 1971.

Jerry F. Lyons, of Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Tex., for plaintiff.

Robert R. Sanders, of Miller, Sanders & Baker, Amarillo, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

Plaintiff is a Texas corporation with its principal place of business in Amarillo, Texas, and is engaged in promotional advertising activities. Defendants are an individual citizen of the State of Kansas and a corporation organized under the laws of the State of Missouri, neither of said defendants having in the State of Texas any office nor any designated agent for the service of process.

Plaintiff filed suit against the defendants alleging certain sums due and owing on an oral contract allegedly entered into by and between the parties. Defendants have duly filed their motion to quash service of process and dismiss for want of jurisdiction. Process was served on the Secretary of State of Texas under the provisions of Article 2031b, subdivisions 3 and 4, Vernon's Annotated Texas Statutes.

Defendants claim that they had not engaged in business in the State of Texas and that the necessary minimum contacts to subject the defendants to the jurisdiction of this Court are missing. The plaintiff, on the other hand, claims that the contract alleged in its complaint is one that is performable and was performed in part in the State of Texas, and that this affords the sufficient minimum contacts for jurisdiction.

The parties were ordered to file briefs and affidavits in support of their respective positions. From these affidavits it is uncontradicted, as far as any factual statements are concerned, that the defendants and plaintiff had previously engaged in at least one business transaction similar to this one, whereby the plaintiff furnished advertising and promotional services to assist defendants in the staging of certain automobile races in the State of Arizona. The facts surrounding the transaction involved in the case now before us are unclear as to whether it was plaintiff or defendants who actually initiated the negotiations; but it is uncontroverted that the outcome of those negotiations was a contract performable in whole or in part in Texas. As to actual performance defendants make a general allegation that plaintiff did no work on this contract in Texas; plaintiff, on the other hand, has alleged specifically and under oath that a portion of the contract was performed from his office in Amarillo, Texas—such portion including telephone calls and letters to advertising and communication media to obtain space and time for publicity, as well as the purchasing of promotional and advertising materials from Amarillo printers and office supply companies.

The Texas "long-arm statute," Article 2031b of Vernon's Annotated Texas Statutes, is to be given the broadest possible construction, subject only to basic constitutional requirements. Coulter v. Sears, Roebuck & Co., 426 F.2d 1315 (5th Cir., 1970). The statute defines "doing business" in Texas to mean " * * * entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State * * *." Article 2031b, § 4, V.A.T.S. From the history of prior dealings and the fact that defendants knew plaintiff has his only offices in Texas, it seems reasonable to infer that defendants could expect at least part of the contract to be performed here. The "long-arm statute" clearly applies re-

**1060**

gardless of which party it is who does the performance in Texas. It would seem, therefore, that defendants are definitely within the jurisdiction of this Court provided the constitutional requirements of minimum contacts are met.

The cases to be followed by this Court in determining minimum contacts are Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1957), and Sun-X International Company, Inc. v. Witt, 413 S.W.2d 761 (Texas C.C.A., 1967, n.r.e.).

Defendants in their affidavits maintain that they do no business in Texas, have no office in Texas, and have no Texas agent for service. However, any organization which purposefully engages in nationwide activities should not be surprised to be considered subject to the laws of many different states. It is the nature and character of defendants' business to conduct and supervise and promote automobile races throughout the United States. Their affidavits themselves indicate that they have done so recently in Arizona, Florida and Texas. They have, according to their own sworn statement, come to Texas once each year since 1966 to sanction and certify an automobile race, though it is undisputed that this action does not arise from any of those races.

Had defendants found it necessary to bring suit against plaintiff on this same contract, they would have had the full protection and benefits of the laws and courts of this State. It does not, therefore, seem anything but fair to consider that by purposefully availing themselves of the laws and privileges of Texas and by entering into a contract with a Texas citizen to be performed in part in Texas, defendants have properly placed themselves within the jurisdiction of this Court. There is, in addition, no indication in the affidavits of the parties that this forum is any more inconvenient to

the defendants than another would be to the plaintiff.

Therefore defendants' motion to quash service and to dismiss for want of jurisdiction shall be, and it hereby is, denied.