Bob BULLOCK, Comptroller of Public Accounts, et al., Appellants,

v.

Carl C. HARDIN, Jr., Appellee.

No. 12825.

Court of Civil Appeals of Texas, Austin.

March 7, 1979.

Rehearing Denied March 28, 1979.

John L. Hill, Atty. Gen., Robert W. Gauss, Asst. Atty. Gen., Austin, for appellants.

Melvin E. Corley, Malcolm L. Quick, Austin, for appellee.

O'QUINN, Justice.

Carl C. Hardin, Jr., brought this suit in August of 1975 against the Comptroller of Public Accounts and the Attorney General to establish Hardin's rights to $12,500 as compensation for services performed from late August, 1973, through August of 1975, in implementation of statutes enacted in 1973 requiring registration of dental technicians and laboratories.

Hardin's claim consists of $6,500 paid him by the Texas State Board of Dental Examiners out of funds in hands of the Board, which upon filing suit Hardin tendered for retention in the registry of the district court, and $6,000 in the Dental Registration Fund in the State Treasury for which the Comptroller declined to issue warrants in Hardin's favor.

Upon trial before the district court, the court entered judgment awarding Hardin recovery of both sums in the total amount of $12,500. We will affirm the trial court's judgment.

The Comptroller and the Attorney General have appealed and under three points of error contend (1) that the court was without jurisdiction to hear this case because it is a suit against the State without prior legislative consent; (2) that it was error to allow Hardin recovery in excess of the amount appropriated by the Legislature; and (3) that because the trial court did not timely file findings of fact and conclusions of law, no facts may be presumed to support the judgment. We will overrule all points of error.

The events out of which this lawsuit finally developed began with enactment in 1973 of an amendment to the Texas statutes on dentistry (Chapter 9, Title 71, Rev. Civ.Sts.1925) to require dental technicians and laboratories to register annually and pay certain application fees to the Texas State Board of Dental Examiners (Acts 1973, 63rd Leg., p. 128, ch. 65, sec. 2, effective August 27, 1973; Art. 4551f(6), Vernon's Anno.Civ.Sts.).

Section 3 of the 1973 Act provided: "The *income received from fees authorized by this Act is hereby appropriated* to the Texas State Board of Dental Examiners *for the fiscal years ending 1974 and 1975 for its expenditure for the implementation of this Act* and for the purposes listed in the General Appropriations Bill as passed by the 63rd Legislature." (Emphasis added) Fees collected by the Texas State Board of Dental Examiners are required to be placed in the State Treasury to the credit of the special fund known as the "Dental Registration Fund," and expenditures from this fund are on order of the Texas State Board of Dental Examiners on warrants issued by the State Comptroller. (Art. 4551e(7), V.T. C.S.)

The Board improvidently failed to place fees collected from dental technicians and laboratories with the State Treasury, but instead deposited the monies in the Board's bank account until such time as the State Auditor in 1974 brought this remiss procedure to the Board's attention, when all funds were promptly transferred to the Treasury.

Meanwhile, beginning shortly after the amended Act became effective late in August of 1973, the Board assigned to Hardin, who had been its part-time Executive Secretary for more than 30 years, additional duties in implementing the registration and collection of fees of technicians and laboratories, upon agreement that Hardin would be paid for such additional work and duties.

In January of 1974 the Board approved monthly salaries for Hardin and one other employee, to be paid from the registration fees being collected, and also approved a lump sum payment to Hardin for work performed from August of 1973 through January of 1974 in the amount of $3,000. Hardin's salary for the period of February, 1974, through August of 1975 was fixed at $500 per month. Payments to Hardin, prior to the audit of 1974, when funds were moved from the bank to the Treasury, were paid directly from the Board's bank account. These payments, amounting to $6,500, represent the sum deposited by Hardin later in the registry of the district court when he filed this suit.

After the registration fees were transferred in 1974 from the Board's bank account to the State Treasury, vouchers in Hardin's behalf were submitted to the State Comptroller to pay his salary for the additional work done through August of 1975, in the amount of $6,000. Fortified by an opinion from the Attorney General that Hardin was not entitled to any compensation in addition to his salary as part-time executive secretary to the Board, a position specified in the General Appropriation Bill passed by the 63rd Legislature, the Comptroller refused to issue warrants for payment from the Dental Registration Fund in the State Treasury of the vouchers for additional duties Hardin performed in implementing registration of dental technicians and laboratories under the Act of 1973 (Art. 4551f(6)). Upon the Comptroller's refusal to honor the vouchers and issue warrants for payment of Hardin's salary, Hardin brought this suit.

The Comptroller and the Attorney General filed a plea to the jurisdiction on the ground that Hardin's suit was an action against the State without legislative permission to sue. By further answer the defendants pleaded that the suit sought to recover excess compensation made impermissible under provisions of section 44, Article III, of the Texas Constitution; and, in addition, that by his petition Hardin sought to draw money from the State Treasury without prior specific appropriation by the Legislature as required under section 6, Article VIII, of the Constitution.

After trial without a jury, the court denied defendants' plea to the jurisdiction upon the court's conclusion that Hardin's suit "is not a suit against the State for which governmental immunity is provided." The trial court found (1) that the sums of money paid to and requested by Hardin were not in violation of section 44, Article III, of the Constitution but were expenditures by the Board "for the implementation of this Act" (Art. 4551f(6)) as provided by the Legislature; (2) that these expenditures for implementation were properly appropriated by the Legislature in the same Act requiring registration of dental technicians and laboratories; and (3) that Hardin had performed the services contracted for by the Board, as additional duties "requiring additional time other than those duties required of him as a part-time Executive Secretary."

■ Under their first point of error appellants contend that Hardin's suit is an action against the State without prior consent to sue having been obtained from the Legislature. If the purpose of a suit against officials of the State is to control action of the State, or subject it to liability, the suit is not maintainable without express consent of the Legislature. *Griffin v.*

*Hawn*, 161 Tex. 422, 341 S.W.2d 151 (1960), and cases there cited; *Sheffield v. Briscoe*, 550 S.W.2d 160 (Tex.Civ.App. Austin 1977, writ ref'd n. r. e.); *Oxford v. Hill*, 558 S.W.2d 557 (Tex.Civ.App. Austin 1977, writ ref'd).

■ But, as in the present case, where the acts of the officials are *not lawfully authorized*, and therefore not acts of the State, an action against the officials, by one whose rights have been invaded, denied, or violated by such acts and who seeks determination or protection of such rights, is a suit against the officials and not a suit against the State within the rule of immunity of the State from suit. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709 (1945); *W. D. Haden Company v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838 (1958); *Oxford v. Hill, supra.*

In contending that this is a suit against the State, appellants rely in the main on provisions of section 44, Article III, of the Constitution. Article III, concerned with the Legislative Department only, provides in section 44:

"The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but *shall not grant extra compensation* to any officer, agent, servant, or public contractors, *after such public service shall have been performed* or contract entered into, for the performance of same; *nor grant*, by appropriation or otherwise, *any amount of money out of the Treasury* of the State, *to any individual*, on a claim, real or pretended, *when the same shall not have been provided for by pre-existing law; nor employ any one in the name of the State, unless authorized by pre-existing law.*" (Emphasis added)

The provisions emphasized in section 44 as set out above form the basis for appellants' argument that Hardin seeks by this suit *to recover money this section proscribes.* For example, appellants argue that by awarding Hardin a lump sum in January of 1974 the Board granted extra compensation after public services had been performed. Section 44 is concerned only

with compensation granted by the Legislature, and in the Act of 1973, which became effective August 27, 1973, the Legislature, as already pointed out, provided that "The income received from the fees authorized by this Act is hereby *appropriated to the . . . Board . . .* for the fiscal years ending 1974 [August 31, 1974] and 1975 [August 31, 1975] for its expenditures for the implementation of this Act *and* for the purposes listed in the General Appropriations Bill . . ." passed also in 1973. (Emphasis added)

Thus it is clear that the Legislature, prior to the period in which Hardin performed any services in implementing the registration Act of 1973, had appropriated to the Board income from the fees to be collected for use in implementing the Act. It will be noted also that in addition to providing for "expenditures for the implementation of this Act," the Legislature with understandable foresight appropriated income from the fees of the registration Act "for the purposes listed in the General Appropriations Bill" of 1973.

The trial court found that the duties assigned to Hardin, in implementing the newly enacted registration Act of 1973, were in addition to the duties assigned to him by the Board as its part-time executive secretary. The trial court's finding is supported by the evidence. Appellants make no complaint of this finding of fact, but argue as a general proposition that Hardin, already at work for the Board on a part-time basis, could not be given any additional duties for which he could be legally compensated.

It is undisputed that the work Hardin did, in addition to his duties as the part-time executive secretary, was related solely to implementing registration of dental technicians and laboratories, expenditures for which the Legislature expressly appropriated income from registration fees. The Board in its discretion contracted with Hardin, a part-time employee, to perform the services needed to implement the registration Act, and we find no restriction placed on the Board by the Legislature which would preclude employment of a person al-

**554**

ready familiar with the administration of statutes pertaining to the dentistry profession.

The Legislature obviously anticipated that with creation in the Act of 1973 of an additional class of persons to be covered by the statutes on dentistry, and providing for new registrations and collection of fees from dental technicians and laboratories, it would be impractical, if not impossible, to specify the number of new employees required to perform the duties of implementing the new legislation. The Legislature delegated to the Board, for the fiscal years ending in 1974 and 1975, responsibility "for the implementation of this Act." It is observed that this initial period, in which income from the new fees was expressly "appropriated to the Texas Board of Dental Examiners . . . for its expenditures for the implementation," coincides with the two fiscal years of the General Appropriations Bill passed by the same Legislature in 1963. The Legislature also made it clear that the income appropriated from fees to meet expenses of implementing registration of dental technicians and laboratories could also be used "for the purposes listed in the General Appropriations Bill as passed by the 63rd Legislature." Acts 1973, 63rd Leg., p. 128, ch. 65, sec. 3, p. 130.

We have carefully examined and considered the several arguments and contentions advanced by appellants in support of their points of error. We hold that this suit is not a suit against the State of Texas, for which prior legislative consent must be obtained, but is a suit against officials of the State whose acts were not lawfully authorized in denying Hardin his right to be paid as properly provided by the Legislature. We further hold that under the facts of this case recovery of compensation by Hardin would not be in excess of authorization by the Legislature in violation of section 44, Article III, of the Constitution. The points of error under which appellants make contrary contentions are overruled.

Under their final point of error appellants contend that because the district court was tardy in filing findings of fact and conclusions of law, the judgment of the trial court "may not be supported on appeal by any presumption of finding upon any ground of recovery." This contention is without merit and the point is overruled. The record discloses that although tardily filed, the findings of fact and conclusions of law were on file prior to filing of the transcript in this Court. Appellants did not request that the findings and conclusions be included in the transcript and have not sought to include the findings and conclusions in a supplemental transcript. Appellants fail to show any harm resulting from late filing below of the findings and conclusions. *Star Corporation v. Wolfe*, 463 S.W.2d 292 (Tex.Civ.App. Houston (14th) 1971, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.