

# The Attorney General of Texas

December 29, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. James A. Adkins
Acting Commissioner
Texas Department of Mental Health
 and Mental Retardation
P. O. Box 12668
Austin, Texas   78711

Opinion No.  MW-418

Re:  Whether  state  employees
may  hold  full  time  and  part
time jobs at the same facility

Dear Mr. Adkins:

You have inquired as to whether Texas law permits a full-time employee of a facility operated by the Texas Department of Mental Health and Mental Retardation to hold another part-time position of employment at the same facility. This question was left unresolved in Attorney General Opinion MW-311 (1981). More specifically, the question is whether or not vocational nurses and registered nurses can hold such dual employment.

The Texas Department of Mental Health and Mental Retardation is an agency of the state and thus its employees are "individuals who receive all or part of their compensation either directly or indirectly from funds of the State." Tex. Const. art. XVI, §40. Whether a common law incompatibility exists between their full-time positions and their part-time duties is a fact question. However, we see no basis for concluding that incompatibility exists as a matter of law. It is unnecessary to determine whether there is a separation of powers problem since only one agency is involved. Since both the full-time and part-time positions are nursing positions, it appears that there is not a violation of article XVI, section 40 of the Texas Constitution if it is determined that the position of nursing does not qualify as a "civil office of emolument."

Article XVI, section 40 of the Texas Constitution provides that civil offices of emolument may not (with certain exceptions) be simultaneously held by a person holding another civil office of emolument. Since both the full-time and part-time positions are paid positions "of emolument," the inquiry becomes: "Are the positions 'civil offices'?" The essential inquiry in determining whether an individual holds a civil office within article XVI, section 40, is whether he exercises some portion of the sovereign power of the government. See _Aldine Independent School District v. Standley_, 280 S.W.2d 578 (Tex. 1955).

From your description of the duties of the employees at their full-time and part-time jobs, it appears that theirs are public employments, but that those employments do not rise to the status of "public offices" or "civil offices." Their duties do not involve an exercise of any portion of the sovereign power.

Based upon the information you have given us, it is our conclusion that such full-time and part-time employments are not prohibited under the dual employment prohibition in Texas law. See generally Bullock v. Hardin, 578 S.W.2d 550 (Tex. Civ. App. - Austin 1979, writ ref'd n.r.e.).

## S U M M A R Y

Employees of the Texas Department of Mental Health and Mental Retardation who are employed by such facility on both a full-time and part-time basis in nursing positions are not prohibited by law from such dual employment.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Roxanne Caperton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Roxanne Caperton
Rick Gilpin
Jim Moellinger
Bruce Youngblood