Mr. James A. Adkins Acting Commissioner Texas Department of Mental Health and Mental Retardation P. O. Box 12668 Austin, Texas 78711
Re: Whether state employees may hold full time and part time jobs at the same facility
Dear Mr. Adkins:
You have inquired as to whether Texas law permits a full-time employee of a facility operated by the Texas Department of Mental Health and Mental Retardation to hold another part-time position of employment at the same facility. This question was left unresolved in Attorney General Opinion MW-311 (1981). More specifically, the question is whether or not vocational nurses and registered nurses can hold such dual employment.
The Texas Department of Mental Health and Mental Retardation is an agency of the state and thus its employees are `individuals who receive all or part of their compensation either directly or indirectly from funds of the State.' Tex. Const. art. XVI, § 40. Whether a common law incompatibility exists between their full-time positions and their part-time duties is a fact question. However, we see no basis for concluding that incompatibility exists as a matter of law. It is unnecessary to determine whether there is a separation of powers problem since only one agency is involved. Since both the full-time and part-time positions are nursing positions, it appears that there is not a violation of article XVI, section 40 of the Texas Constitution if it is determined that the position of nursing does not qualify as a `civil office of emolument.'
Article XVI, section 40 of the Texas Constitution provides that civil offices of emolument may not (with certain exceptions) be simultaneously held by a person holding another civil office of emolument. Since both the full-time and part-time positions are paid positions `of emolument,' the inquiry becomes: `Are the positions `civil offices'?' The essential inquiry in determining whether an individual holds a civil office within article XVI, section 40, is whether he exercises some portion of the sovereign power of the government. See Aldine Independent School District v. Standley, 280 S.W.2d 578 (Tex. 1955).
From your description of the duties of the employees at their full-time and part-time jobs, it appears that theirs are public employments, but that those employments do not rise to the status of `public offices' or `civil offices.' Their duties do not involve an exercise of any portion of the sovereign power.
Based upon the information you have given us, it is our conclusion that such full-time and part-time employments are not prohibited under the dual employment prohibition in Texas law. See generally Bullock v. Hardin, 578 S.W.2d 550 (Tex.Civ.App.-Austin 1979, writ ref'd n.r.e.).
 SUMMARY
Employees of the Texas Department of Mental Health and Mental Retardation who are employed by such facility on both a full-time and part-time basis in nursing positions are not prohibited by law from such dual employment.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Roxanne Caperton Assistant Attorney General