Opinion issued December 19, 2002










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01129-CV




KATHLEEN SILBAUGH, Appellant

V.

ARTURO V. RAMIREZ, Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2000-56783




O P I N I O N
          Appellee, Arturo V. Ramirez, filed a suit in Texas against appellant, Kathleen
Silbaugh, and several other defendants asserting several tort and breach of contract
claims related to the investment by Ramirez in a leasing program and loss of his funds
from Silbaugh’s IOLTA account. Silbaugh filed a special appearance contesting
personal jurisdiction. After a hearing, the trial court denied Silbaugh’s special
appearance, and Silbaugh filed this interlocutory appeal contending that the trial court
erred in concluding that (1) she had waived her special appearance and (2) she was
subject to specific jurisdiction in Texas. Finding we have jurisdiction to consider this
appeal, we affirm the trial court’s denial of Silbaugh’s special appearance. 
          I. Findings of Fact Conclusions of Law
          Ramirez urges this Court to disregard the findings of fact and conclusions of
law, because the trial court signed them past the 30-day deadline. Findings of fact
and conclusions of law for interlocutory appeals are governed by rule 28.1, which
states that the trial court may file findings and conclusions but is not required to do
so. See Tex. R. App. P. 28.1. However, findings and conclusions filed in
interlocutory matters are helpful. The trial court has 30 days in which to file such
findings and conclusions. Id. 
          Here, appellant timely filed her request for findings and conclusions, but the
trial court filed the findings and conclusions nine days after the 30-day deadline. 
Silbaugh also filed a motion for amended or additional findings and conclusions. 
Historically, late findings and conclusions were a nullity and could not be considered
on appeal. Star Corp. v. Wolfe, 463 S.W.2d 292, 294 (Tex. App.—Houston [14th
Dist.] 1971, writ ref’d n.r.e.). This absolute rule of exclusion is no longer followed. 
Id. If an appellant can show that he was injured by the inability to request additional
findings or the inability to properly present his appeal, he is entitled an abatement of
the appeal so that he can request additional findings and conclusions. Robles v.
Robles, 965 S.W.2d 605, 610 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). 
          The procedural rules do not preclude the trial court from issuing belated
findings and conclusions. Robles, 965 S.W.2d at 610. Unless the litigants can show
injury, they have no remedy if a trial court files untimely findings and conclusions. 
Id. Neither party requested an abatement of the appeal, and both parties filed motions
for amended or additional findings and conclusions. Because neither party alleges
harm, and there is no showing of harm in the record due to the trial court’s late filing
of the findings and conclusions, we overrule Ramirez’s request that we not consider
the findings of fact and conclusions of law.
          II. Jurisdiction
          Silbaugh states in her notice of appeal that she is appealing an “order on
defendant Silbaugh’s motion to strike plaintiff’s petition for want of jurisdiction
signed on August 6, 2001.” Because appeals of this type of interlocutory order are
ordinarily not available, we asked the parties to brief the issue of whether we have
jurisdiction of this appeal. We have taken the jurisdictional issue with the case. In
a motion previously filed in this Court, Silbaugh appears to argue that her appeal is
in fact taken from the denial of her special appearance. See Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(7) (Vernon Supp. 2002).
          We have reviewed the clerk’s record, which shows that Silbaugh filed her
original answer on January 5, 2001. The answer was apparently not verified but
contained a special appearance. Silbaugh amended her answer with a verified special
appearance on January 22, 2001.


 On July 5, 2001, Silbaugh filed a verified motion
for an order striking Ramirez’s petition against her, arguing that the trial court lacked
personal jurisdiction over her, citing rule 120a. See Tex. R. Civ. P. 120a. It is this
motion that the trial court denied on August 6, 2001. This order did not appear, on
its face, to be a denial of Silbaugh’s special appearance. However, the hearing on the
motion consisted of argument, evidence and witnesses regarding Silbaugh’s special
appearance; and on September 14, 2001 the trial court signed findings of fact and
conclusions of law concerning its August 6, 2001 order determining that Silbaugh
waived her special appearance and was subject to specific personal jurisdiction. 
          Accordingly, we conclude that the August 6, 2001 order, in conjunction with
its findings of fact and conclusions of law, was a denial of Silbaugh’s special
appearance that is subject to interlocutory appeal.


 Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(7).
III. Waiver
          Silbaugh challenges the trial court’s denial of her special appearance in two
issues: (1) the trial court erred in holding that she waived her special appearance by
making a general appearance, and (2) the trial court erred in finding that she had
sufficient minimum contacts with Texas to support specific jurisdiction. Regarding
Silbaugh’s first point of error, the trial court found that Silbaugh made a general
appearance by: (1) invoking the judgment of the trial court on issues other than the
court’s jurisdiction; (2) recognizing that the action is properly pending; and (3)
seeking affirmative action from the trial court. We find that Silbaugh did not waive
her special appearance by making a general appearance. 
          An objection to a Texas court’s exercise of jurisdiction over a nonresident must
be made by special appearance filed under Rule 120a of the Texas Rules of Civil
Procedure. See Tex. R. Civ. P. 120a(2). Rule 120a requires strict compliance. 
Morris v. Morris, 894 S.W.2d 859, 862 (Tex. App.—Fort Worth 1995, no writ). A
special appearance must be made by a sworn motion filed prior to any other plea,
pleading, or motion that seeks affirmative relief. Tex. R. Civ. P. 120a(1), (2);
Dawson-Austin, 968 S.W.2d at 323 (noting test for general appearance is whether
party requests affirmative relief inconsistent with assertion that trial court lacks
jurisdiction). Any appearance before judgment that is not in compliance with Rule
120a constitutes a general appearance. Tex. R. Civ. P. 120a(2); Kawasaki Steel v.
Middleton, 699 S.W.2d 199, 201 (Tex. 1985). A party contesting jurisdiction must
not seek affirmative relief on any question other than that of the court’s jurisdiction
before the disposition of the special appearance is determined. Tex. R. Civ. P.
120a(2) (providing that special appearance shall be heard and determined before any
other plea or pleading may be heard). Any intervening appearance to invoke the trial
court’s judgment about a “question other than the court’s jurisdiction” is a general
appearance. Angelou v. African Overseas Union, 33 S.W.3d 269, 275 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). Notwithstanding these limitations, Rule
120a specifically provides: “the issuance of process for witnesses, the taking of
depositions, the serving of requests for admissions, and the use of discovery
processes, shall not constitute a waiver of such special appearance.” Tex. R. Civ. P.
120a(1). 
          Ramirez argues that Silbaugh invoked general jurisdiction by engaging in
discovery unrelated to her special appearance. Before her special appearance was
denied, Silbaugh filed a motion to stay discovery based on improper joinder; filed a
motion to quash the deposition of August Ghilarducci, a co-defendant noticed by
Ramirez; and served non-jurisdictional discovery on Ramirez. Although nothing in
Rule 120a specifically limits discovery to matters relating to the special appearance,
the Texas Supreme Court, in dicta, interpreted Rule 120a as limiting discovery to
facts relevant to the special appearance. Minucci v. Sogevalor, S.A., 14 S.W.3d 790,
800 (Tex. App.—Houston [1st Dist.] 2000, no pet.). This Court previously declined
to follow the dicta in Dawson-Austin, and instead followed the plain language of the
statute. Minucci, 14 S.W.3d at 801. The statute does not limit discovery to only
those issues that are related to the special appearance. See Tex. R. Civ. P. 120a(1). 
We hold that Silbaugh’s use of the discovery process did not constitute waiver of her
special appearance. See Minucci, 14 S.W.3d at 801. 
          Ramirez further argues that Silbaugh invoked general jurisdiction by filing a
motion asking the trial court to quash Ramirez’s notice of the deposition of a co-defendant and requesting protection from Ramirez’s discovery requests. Silbaugh set
the motion for protection for submission on the trial court’s docket on July 2, 2001. 
We recognize that the discovery process includes timely objections to discovery and
does not require a defendant to choose between waiving discovery objections and
waiving her special appearance. The appearances by Silbaugh were part of the
discovery process and did not waive her special appearance. Furthermore, this
motion was never heard or ruled on by the trial court. Silbaugh’s filing notice of a
hearing and setting a hearing on the trial court’s docket did not waive her special
appearance. Minucci, 14 S.W.3d at 800.
          Ramirez also argues that Silbaugh waived her special appearance by filing a
motion to strike Joseph G. Wiegel’s intervention and setting it for oral hearing. This
motion was never heard or ruled on by the trial court. Merely setting it for hearing
did not waive Silbaugh’s special appearance. Id. The motion to strike Wiegel’s
intervention was filed subject to Silbaugh’s special appearance and subsequent to
Silbaugh’s filing her special appearance. Rule 120a makes subsequent matters
subject to the special appearance without an express statement to that effect for each
matter. Id. On July 5, 2001, Silbaugh amended her motion to strike and dropped all
bases for dismissal other than the trial court’s lack of jurisdiction. The amended
motion was heard by the court on July 16, 2001, and the Judge ruled that it was moot
based on his having granted Collier’s motion to strike. The motion did not request
affirmative relief inconsistent with Silbaugh’s assertion that the trial court lacked
jurisdiction; rather, the motion requested that Wiegel’s intervention be stricken
because of a lack of jurisdiction over Silbaugh. Furthermore, even if Silbaugh’s
motion and the trial court’s ruling constituted a general appearance, it would subject
Silbaugh to jurisdiction only for Wiegel’s claims, which were severed from Ramirez’s
claims. See Dawson-Austin, 968 S.W.2d at 324 (holding that rule 120a permits
special appearance as to entire proceeding or any severable claim involved therein). 
          Finally, Ramirez argues that Silbaugh’s attorney, Mr. Dietrich, made a general
appearance when he argued in the hearing on Collier’s motion to strike Wiegel’s
intervention. The only discussion by Dietrich at that hearing is as follows:
THE COURT: All Right. So your burden is to show it’s not proper venue
under 15.002; or is it the plaintiff’s burden?
 
MR. BRASHIER: Defendants’, your Honor.
 
MR. DIETRICH: If I may interject, your Honor, it’s my understanding the
plaintiff has the burden of showing by prima facie evidence; and it’s only the
defendants’ burden to rebut that once the plaintiff has carried the prima facie.

The hearing was not on a motion by Silbaugh, and Silbaugh did not request any relief
from the court. Rather, Silbaugh’s attorney merely made a statement of law. Thus,
she did not make a general appearance through her attorney. 
          IV. Personal Jurisdiction
          In her second issue, Silbaugh argues that the trial court erred in concluding that
she had sufficient minimum contacts with Texas to support specific jurisdiction.           A. Standard of Review
          The plaintiff bears the initial burden of pleading sufficient allegations to bring
a nonresident defendant within the personal jurisdiction of a Texas court; once this
burden is met, the defendant must negate all possible grounds for personal
jurisdiction. BMC Software Belgium, N.V. v. Marchland, 83 S.W.3d 789, 793 (Tex.
2002). Whether a court has personal jurisdiction over a defendant is a question of
law. This determination frequently requires that the trial court resolve questions of
fact before deciding the jurisdiction question. Id. at 794. When, as here, the trial
court issues findings of fact and conclusions of law, we may review the findings of
fact on legal and factual sufficiency grounds and review the conclusions of law de
novo as a legal question. Id. Although we may not review the conclusions of law for
factual insufficiency, we may review the trial court’s legal conclusions drawn from
the facts to determine their correctness. Id. 
          B. Legal Analysis
          A Texas court may assert personal jurisdiction over a nonresident defendant
only if the requirements of both the Fourteenth Amendment’s due process clause and
the Texas long-arm statute are satisfied. Preussag Aktiengsellschaft v. Coleman, 16
S.W.3d 110, 113 (Tex. App.—Houston [1st Dist.] 2000, pet. dism. w.o.j.). In relevant
part, personal jurisdiction under the Texas long-arm statute extends to non-resident
defendants who are parties to litigation arising from or related to business they
conducted in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 1997). 
One of the ways in which a non-resident “does business” in Texas is by contracting
with a Texas resident, by mail or otherwise, and either party is to perform the contract
in whole or in part in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1)
(Vernon 1997). 
          Because the Texas long-arm statute reaches as far as the federal and state
constitutional guarantees of due process allow, the statute is satisfied if the exercise
of personal jurisdiction comports with federal due process. Marchland, 83 S.W.3d
at 795; Coleman, 16 S.W.3d at 113. Federal due process requires both that the
nonresident defendant purposefully establish such minimum contacts with the state
that he could reasonable anticipate being sued there and that the exercise of
jurisdiction will not offend traditional notions of fair play and substantial justice. 
Coleman, 16 S.W.3d at 113-14. If the nonresident defendant purposefully avails
himself of the privileges and benefits of conducting business in the foreign state, then
the state has sufficient contacts to confer personal jurisdiction. Tex. Civ. Prac. &
Rem. Code Ann. § 17.042; Marchland, 83 S.W.3d at 795; Coleman, 16 S.W.3d at
113. Random, fortuitous, or attenuated contacts are insufficient. Marchland, 83
S.W.3d at 795. It is the quality and nature of the contacts, not their number, that is
determinative. Coleman, 16 S.W.3d at 113. 
          The minimum contact analysis is divided into general and specific jurisdiction. 
General personal jurisdiction requires that the contacts in Texas be continuous and
systematic and does not require that the cause of action arise from or relate to
activities conducted in Texas. Marchland, 83 S.W.3d at 796. In contrast, specific
jurisdiction requires that the alleged liability arise from and relate to an activity
conducted in Texas. Id. 
          C. Factual Analysis
          We review the record regarding Silbaugh’s contacts with Texas to determine
whether they are sufficient to establish specific jurisdiction. The record contains
numerous documents regarding Silbaugh’s contacts with Texas including, most
notably, Ramirez’s affidavit, Silbaugh’s deposition, and the trial court’s oral hearing
on the special appearance at which Silbaugh and Ramirez testified and offered
numerous documents admitted into evidence. 
          The record reveals that Silbaugh has never been a resident of Texas and has
had no contacts with Texas other than telephone calls, faxes, and mail. Ramirez and
his financial advisor, John Hinojosa, reside in Texas. Ramirez received all calls,
faxes, and letters regarding the transaction in Texas, and he executed his contract with
Silbaugh in Texas. 
          Silbaugh solicited business with Ramirez while he was in Texas. In January
of 1998, Silbaugh participated in a conference call with Ramirez in which she
introduced herself and explained her role on the team as escrow agent for the
investment program. Ramirez asserts that he relied on misrepresentations made by
Silbaugh during this call in deciding to enter into the contract with her. Silbaugh
participated in another conference call with Ramirez in March 1998, wherein
Silbaugh explained her duties as escrow agent. Silbaugh answered Ramirez’s
questions during both calls. 
          Following the calls, Ramirez entered into a written contract with Silbaugh, that
Silbaugh helped draft. Ramirez signed the agreement in Texas and faxed it to
Silbaugh. She signed it in Maryland and faxed it back to him. Pursuant to the
contract, Ramirez wired his money from his account in Texas to Silbaugh’s IOLTA
account in Maryland. Thereafter, Silbaugh accepted Ramirez’s payment from Texas; 
she also sent Ramirez a confirmation of funds letter and paid herself $5,000 from
Ramirez’s money for her services pursuant to the contract. There were telephone
calls, faxes and letters from Silbaugh to Ramirez in Texas and from Ramirez to
Silbaugh regarding entering into and carrying out the contract between Silbaugh and
Ramirez. For example, Ramirez called Silbaugh to give her the wire reference
number, and Silbaugh mailed Ramirez the new bank coordinates. In May 1999,
Silbaugh mailed a copy of several documents related to the transaction to Ramirez in
Texas. Although Silbaugh’s responsibilities under the contract were not performed
in Texas, the contract required Ramirez to wire funds to Silbaugh’s IOLTA account. 
She knew that Ramirez resided in Texas and either knew or should have reasonably
expected that Ramirez was wiring his funds from a Texas bank account. Thus,
Silbaugh knew or should have reasonably expected that Ramirez would perform his
part of the contract from Texas. See Clark Adver. Agency, Inc. v. Tice, 331 F. Supp.
1058, 1059 (N.D. Tex. 1971), aff., 490 F.2d 834 (5th Cir. 1974). 
          Business today is frequently transacted solely by wire communications across
state lines, obviating the need for physical presence in the state in which the business
was conducted. Therefore, an individual injured in Texas need not go to Maryland
to seek redress from a person who caused the injury in Texas while residing in
Maryland. We find that Silbaugh’s actions were expressly aimed at Texas. Silbaugh
purposely availed herself of the privilege of conducting business in Texas, thus
invoking the benefits and protections of Texas law. She made assertions to Ramirez
to encourage him to enter into a contract with her; she entered into a contract with
Ramirez, a Texas resident, that was partially performed in Texas; and she earned
money pursuant to that contract. Furthermore, Silbaugh intended that Ramirez rely
on such assertions in Texas. Silbaugh has failed to negate all grounds for the exercise
of personal jurisdiction. 
          We find that the exercise of jurisdiction comports with fair play and substantial
justice, because Texas has an interest in ensuring that its citizens are protected from
breach of contract and tortious acts committed by nonresidents conducting business
in Texas. We find that Silbaugh had sufficient contacts with Texas to establish
specific personal jurisdiction and that the contacts do not offend traditional notions
of fair play and substantial justice.
          V. Conclusion
          We hold that Silbaugh is entitled to pursue an appeal of the order complained
of in her notice of appeal, because the order is an appealable interlocutory order under
rule or statute. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (Vernon
Supp. 2002). We further hold that there is sufficient evidence to support the trial
court’s conclusion that Silbaugh’s contacts with Texas were sufficient to confer
specific personal jurisdiction. Accordingly, this court affirms the trial court’s August
6, 2001 order, as read in conjunction with the trial court’s findings of fact and
conclusions of law, denying Silbaugh’s special appearance based on specific personal
jurisdiction. 
 
Adele Hedges
Justice
Panel consists of Justices Hedges, Keyes, and Duggan.



Publish. Tex. R. App. P. 47.